836 F.2d 549
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie BURTON, Jr., Plaintiff-Appellant,
v.
Sue MORGAN, Osco Drug Center, Defendants-Appellees.
 No. 87-1564.
 United States Court of Appeals, Sixth Circuit.
 Dec. 28, 1987.
 
 Before NATHANIEL R. JONES, WELLFORD and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff moves for counsel on appeal from both the district court's judgment in favor of the defendants and the district court's order denying reconsideration in this civil rights case. 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed.
 
 
 2
 The plaintiff sued the defendants for false arrest, false imprisonment, and malicious prosecution. Unfortunately, the plaintiff misnamed the defendants in his initial complaint. In its judgment, the district court held that the plaintiff's attempt to amend his complaint could not relate back to the initial date of filing under Fed.R.Civ.P. 15(c). Therefore, the court dismissed the case on statute of limitations grounds.
 
 
 3
 The plaintiff filed a timely motion to reconsider the judgment. The district court construed this motion under Fed.R. Civ.P. 59(e) and held that it was untimely. Because Fed.R.Civ.P. 6(a) excludes Saturdays and Sundays from the computation of the ten day time period, the district court was incorrect to hold that the motion was untimely. Therefore, the motion did extend the time in which the plaintiff could file his notice of appeal. Both the judgment and the denial of the motion to reconsider are properly before this court.
 
 
 4
 Concerning the merits, the general rule is that the change in the name of a party under Fed.R.Civ.P. 15(c) can only relate back to the commencement of the action if the party had notice of the suit. The Supreme Court has stressed that notice must be given within the period of the statute of limitations. Schiavone v. Fortune, 106 S.Ct. 2379, 2385 (1986). In the present case, the marshals did not attempt service until May of 1985, well after the statute of limitations had run. Therefore, the present action is time-barred.
 
 
 5
 Although this result may appear to be unfair, the failure of the marshals to attempt service certainly cannot be held against the defendants. If there is an element of arbitrariness here, that element is the characteristic of any statute of limitations. Schiavone, 106 S.Ct. at 2385.
 
 
 6
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.